**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLEN LOGISTICS SERVICES, LLC, )<br>ARMANDO MUNOZ, and HECTOR SILVA, )<br>)<br>Defendants. ) | No. 3:19-cv-00211 |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff United Specialty Insurance Company, for its complaint for declaratory relief, alleges as follows:

**PARTIES**

1. Plaintiff is a corporation organized under Delaware law having its principal place of business in Dover, Delaware. Plaintiff is a surplus lines insurer eligible to transact business in the State of Texas.

2. Defendant Allen Logistics Services, LLC is a limited liability company organized under Texas law having its principal place of business in El Paso, Texas. Its member(s) are all citizens of a State other than Delaware.

3. Defendant Armando Munoz is a citizen of the State of Texas who resides in El Paso, Texas.

4. Defendant Hector Silva is a citizen of the State of Texas who resides in El Paso, Texas.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) as this is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant Allen Logistics Services maintains its principal place of business in El Paso, Texas, and Defendants Armando Munoz and Hector Silva reside in El Paso, Texas.

## FACTS

7. On or about December 14, 2017, Plaintiff issued a policy of liability insurance covering Defendant Allen Logistics Services. A true and correct copy of the Certificate of Insurance issued to Allen Logistics is attached as Exhibit A and incorporated herein by reference. A true and correct copy of the Master Policy covering Allen Logistics is attached as Exhibit B and incorporated herein by reference. Plaintiff's limit of liability, as specified in the certificate and the declarations pages of the policy, is $1 million per occurrence. The Certificate of Insurance and the Master Policy provide that coverage is afforded only for accidents involving those vehicles designated as "Covered Autos" in the policy.

8. On or about May 18, 2018, during the policy period, a tractor trailer allegedly owned by Defendant Armando Munoz and leased to Allen Logistics Services was involved in an accident. At the time of the accident, the tractor was being driven by Defendant Hector Silva, an employee of Defendant Allen Logistics Services. Defendant Hector Silva allegedly sustained personal injuries as a result of the accident. Upon information and belief, this tractor trailer was not one of the vehicles identified in the Certificate of Insurance and Master Policy.

9. On October 5, 2018, Defendant Hector Silva commenced a civil action against Defendants Allen Logistics Services and Armando Munoz in the 120th District Court of El Paso County, Texas, in Cause No. 2018DCV3706 (referred to herein as the "underlying action"). A true and correct copy of the Plaintiff's Original Petition and Request for Disclosure in the underlying action is attached as Exhibit C and incorporated herein by reference.

10. In the underlying action, Defendant Hector Silva alleges that, at the time of the accident referred to in paragraph 8, he was injured while acting within the course and scope of his employment with Defendant Allen Logistics Services, and that the accident and his resulting injuries were proximately caused by the negligence of his employer Defendant Allen Logistics and his co-worker Defendant Armando Munoz. As set forth in paragraph 2 of the Original Petition filed in the underlying action, Defendant Hector Silva seeks to recover damages of more than $200,000 from Defendants Allen Logistics Services and Armando Munoz, jointly and severally. Defendant Hector Silva further alleges that, at the time of the accident, Defendant Allen Logistics was a non-subscriber which did not carry workers compensation insurance, and therefore may be liable to Defendant Hector Silva pursuant to section 406.033 of the Texas Workers Compensation Act.

11. The policy of insurance Plaintiff issued to Defendant Allen Logistics Services contains two exclusions that provide, in relevant part, as follows:

\*   \*   \*

This insurance does not apply to any of the following:

\*   \*   \*

**3.  Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

    4.    **Employee Indemnification And Employer's Liability**

"Bodily Injury" to:

a.    An "employee" of the "insured" arising out of and in the course of:

    (1)    Employment by the "insured"; or

    (2)    Performing the duties related to the conduct of the "insured's" business[.]

This exclusion applies:

    1.    Whether the "insured" may be liable as an employer or in any other capacity; and

    2.    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

*    *    *

    5.    **Fellow Employee**

"Bodily Injury" to any fellow "employee" of the "Insured" arising out of and in the course of the fellow employee's employment or while performing duties related to the conduct of your [i.e., the Insured's] business.

All three of these policy exclusions apply to the accident Defendant Hector Silva was allegedly involved in.

    12.    In addition to the policy exclusions quoted above, Texas law provides that the policy of insurance Plaintiff issued to Defendant Allen Logistics Services may not provide coverage for the accident Plaintiff was involved in or the injuries he allegedly sustained as a result of the accident. In particular, section 601.075(1) of the Texas Transportation Code provides, in relevant part, that "[a] motor vehicle liability insurance policy may not insure against liability . . . for which the insured . . . may be liable under a workers compensation law[.]" The liability of Defendant Allen Logistics Services in the underlying suit falls within the

scope of section 601.475(1), thus precluding coverage for Defendants Allen Logistics Services and Armando Munoz under the policy of insurance Plaintiff issued to Allen.

13. There is an actual controversy between Plaintiff and Defendants concerning Plaintiff's duties to defend and indemnify Defendants Allen Logistics and Armando Munoz in the underlying action. As the plaintiff in the underlying action, Defendant Hector Silva has an interest, albeit indirect, in the question of whether coverage is afforded to either of the defendants in the underlying action.

## CLAIMS FOR RELIEF

### Count I: Coverage is excluded under the Policy because the tractor Silva was operating was not a Covered Auto

14. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 13 above.

15. The allegation in the Original Petition, that the tractor Defendant Hector Silva was driving at the time of the accident was owned by Defendant Armando Munoz and not by Defendant Allen Logistics Services, establishes that the tractor was not a "Covered Auto" for the purposes of the policy of insurance Plaintiff issued to Defendant Allen Logistics Services. Taking this allegation as true for the purposes of this suit, it establishes that no coverage is afforded under the policy for the suit brought by Silva against Allen Logistics and Munoz.

16. As authorized by 28 U.S.C. § 2201(a), Plaintiff asks the Court to enter a judgment declaring that the tractor driven by Defendant Hector Silva was not a "covered auto" under Section 1 of the Truckers Declarations provisions of the policy of insurance issued by Plaintiff to Defendant Allen Logistics; that the policy of insurance Plaintiff issued to Defendant Allen Logistics Services does not provide coverage for the accident in which Defendant Hector Silva was injured; that Plaintiff does not therefore owe a duty to defend either Defendant Allen

Logistics Services or Defendant Armando Munoz in the underlying action; and that Plaintiff does not owe any duty to indemnify Defendant Allen Logistics Services or Defendant Armando Munoz from any judgment that might be rendered against either of them in the underlying action.

17. In addition, Plaintiff seeks an award of attorney's fees and costs.

### Count II: Coverage is excluded under the Policy because the Policy's exclusions apply

18. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 13 above.

19. The allegations in the Original Petition in the underlying action affirmatively and unambiguously allege facts which, taken as true for the purposes of this suit, establish that any or all of the three policy exclusions, quoted above in paragraph 11, apply and that no coverage is afforded under the policy for the underlying action.

20. As authorized by 28 U.S.C. § 2201(a), Plaintiff asks the Court to enter a judgment declaring that one or more of the policy exclusions, quoted above in paragraph 11, apply to the accident at issue in the underlying action; that the policy of insurance Plaintiff issued to Defendant Allen Logistics Services does not provide coverage for the accident in which Defendant Hector Silva was injured; that Plaintiff does not therefore owe a duty to defend either Defendant Allen Logistics Services or Defendant Armando Munoz in the underlying action; and that Plaintiff does not owe any duty to indemnify Defendant Allen Logistics Services or Defendant Armando Munoz Defendant Allen Logistics Services or Defendant Armando Munoz, jointly or severally, from any judgment that might be rendered against them in the underlying action.

21. In addition to the Plaintiff further seeks an award of attorney's fees and costs.

### Count III: Texas law provides that no coverage is Afforded under the Policy

22. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 13 above.

23. The allegations in the Original Petition in the underlying action affirmatively and unambiguously allege facts which, taken as true for the purposes of this suit, establish that Defendants Allen Logistics Services and Armando Munoz are liable to Defendant Hector Silva under the provisions of the Texas Workers Compensation Act. Under section 601.475(1) of the Texas Transportation Code, therefore, no coverage is afforded under the policy for the claims asserted by Defendant Hector Silva against Defendants Allen Logistics Services and Armando Munoz in the underlying action.

24. As authorized by 28 U.S.C. § 2201(a), Plaintiff asks the Court to enter a judgment declaring that section 601.475(1) of the Texas Transportation Code applies to the policy of insurance issued by Plaintiff to Defendant Allen Logistics Services; that the policy of insurance Plaintiff issued to Defendant Allen Logistics Services does not provide coverage for the accident in which Defendant Hector Silva was injured; that Plaintiff does not therefore owe a duty to defend either Defendant Allen Logistics Services or Defendant Armando Munoz in the underlying action; and that Plaintiff does not owe any duty to indemnify Defendant Allen Logistics Services or Defendant Armando Munoz from any judgment that might be rendered against either of them in the underlying action.

25. In addition to the Plaintiff further seeks an award of attorney's fees and costs.

WHEREFORE, Plaintiff prays that Defendants be summoned to appear and answer, that judgment be entered granting Plaintiff one or more of the declarations requested above, that

Plaintiff recover its costs and reasonable attorney's fees, and that Plaintiff have all other relief of every nature to which it may otherwise be entitled.

DATED: August 5, 2019

Respectfully submitted,

**WINDLE HOOD NORTON BRITTAIN & JAY, LLP**
201 East Main, Suite 1350
El Paso, Texas 79901
(915) 545-4902 Telephone
(915) 545-4911 Fax

By: */s/ Joseph L. Hood, Jr.*
**JOSEPH L. HOOD, JR.**
State Bar No. 09943250
hood@windlehood.com

*Attorneys for Plaintiff*
*United Specialty Insurance Company*